UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMIE L. KOBERGER,

                            **Plaintiff,**

  vs.                                                       1:24-CV-1496
                                                           (MAD/PJE)

RICHARD CLETUS, BRENDA LUKASIEWICZ,
RICHARD LOVELY, and KRISTEN MELNICK,

                            **Defendants.**
_____

**APPEARANCES:**                                         **OF COUNSEL:**

**JAMIE L. KOBERGER**
Albany, New York
Plaintiff *Pro Se*

**OFFICE OF THE NEW YORK STATE**        **MATTHEW J. GALLAGHER, AAG**
**ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On December 9, 2024, Plaintiff Jaime L. Koberger commenced this action, *pro se*, against her current supervisors at the New York State Department of Taxation and Finance (the "Department of Taxation and Finance" or "Department"): Defendants Richard Cletus, Brenda Lukasiewicz, Richard Lovely, and Kristen Melnick. *See* Dkt. No. 1 at 2-3. Plaintiff alleges discrimination and retaliation claims under Titles I and V of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. *See* Dkt. No. 14 at 1, 4. Specifically, Plaintiff contends

Defendants discriminated against her on the basis of her disability by denying her a reasonable accommodation and bullying her. *See id.* at 6. Plaintiff also alleges that Defendants retaliated against her by removing her entire staff from her supervision, excluding her from gatherings, and "ambush[ing]" her during a one-on-one meeting by including another employee. *See id.* at 7-8, 11.

On February 6, 2025, Plaintiff filed an Amended Complaint. *See* Dkt. No. 14. On March 5, 2025, Defendants filed a motion to dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. *See* Dkt. No. 19. Plaintiff responded in opposition to Defendants' motion on March 24, 2025. *See* Dkt. No. 21. On April 2, 2025, Defendants filed a reply in further support of their motion. *See* Dkt. No. 23.

## II. BACKGROUND

Plaintiff contends in the Amended Complaint that she suffers from irritable bowel syndrome, generalized anxiety disorder, major depression, and chronic pain. *See* Dkt. No. 14 at 3. She alleges that on June 21, 2023, she informed her supervisors, Defendants Cletus and Melnick, of her disabilities during her interview at the Department of Taxation and Finance and reminded Defendant Melnick on three other occasions in August 2023. *See id* at 6. Plaintiff contends she requested a reasonable accommodation of telecommuting privileges during her interview, to which Defendant Cletus "assured [her] that would not be a problem." *Id.*

Plaintiff alleges that in November 2023, Defendant Melnick entrusted Plaintiff with a hiring decision. *See id.* Plaintiff asserts that despite making an informed decision by interviewing candidates, Defendant Melnick disagreed with Plaintiff's choice and bullied her. *See id.* at 6-7. Plaintiff claims that Defendants Melnick and Lukasiewicz questioned her "judgment, character, and experience" by soliciting negative comments from other managers about her

chosen candidate. *Id.* at 7.  Plaintiff contends the bullying continued when Defendant Melnick asked Plaintiff to complete a self-assessment—she was the only employee asked to complete one—and they refused to complete a performance evaluation for Plaintiff as directed by Human Resources. *See id.* at 8.  Plaintiff states Defendants also removed staff members from her line of supervision with no justification, prohibited Plaintiff from making hiring decisions, reduced Plaintiff's workload, and denied Plaintiff telecommuting privileges. *See id.* at 8-9, 11, 15.

Plaintiff alleges Defendant Lovely was condescending by saying that Plaintiff "was using big words like 'berate'" in her emails and questioning if Plaintiff knew what the word meant. *Id.* at 9.  Plaintiff contends Defendant Lovely purposefully excluded Plaintiff from meetings and had Plaintiff report to lower-level staff to isolate and embarrass her. *See id.*

Plaintiff asserts that Defendants Cletus and Lukasiewicz also retaliated against her by isolating and ostracizing her and excluding her from meetings and projects. *See id.* at 10-11. Plaintiff contends Defendant Lukasiewicz was "conde[scending], embarrassing, intimidating, and bullying" her by "ambushing" her with another employee at a one-on-one meeting. *Id.* at 11-12. On February 27 and May 7, 2024, Plaintiff was allegedly excluded from gatherings in the office involving food because of her disabilities. *See id.* at 12-13.

Plaintiff's requests for relief include the following: "(a) declaratory judgment finding that the Defendant(s) violated the [ADA]; (b) front pay; (c) compensatory damages[;] . . . (d) court and associated fees; (e) and such other and further relief as the court deems just and equitable." *Id.* at 5.

### III. DISCUSSION

Defendants have moved to dismiss Plaintiff's Amended Complaint under Rules 12(b)(1) and 12(b)(6).  *See* Dkt. No. 19.  The Court will first address the arguments concerning

3

jurisdictional deficiencies under Rules 12(b)(1).  *See Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) ("Determining the existence of subject matter jurisdiction is a threshold inquiry").

A.      **Subject Matter Jurisdiction**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for lack of subject matter jurisdiction.  *See* FED. R. CIV. P. 12(b)(1).  Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "When a party moves to dismiss a complaint pursuant to Rule 12(b)(1), 'the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction.'" *Hoover v. HSBC Mortg. Corp.*, 9 F. Supp. 3d 223, 235 (N.D.N.Y. 2014) (quoting *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993)).  "For the purposes of such a motion, 'the allegations in the complaint are not controlling, . . . and only uncontroverted factual allegations are accepted as true. . . .'" *Id.* (quotation omitted).  "[W]hen . . . subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter [outside the pleadings] may be presented" to support or oppose the motion. *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986); *see also Makarova*, 201 F.3d at 113.

A *pro se* litigant must be afforded "'special solicitude' by interpreting a complaint filed *pro se* 'to raise the strongest claims that it suggests.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).  A *pro se* complaint, while potentially "'inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quotation omitted).

*1. Individual Liability*

As an initial matter, Defendants acknowledge in their motion to dismiss that Plaintiff never formally alleged a claim under the Rehabilitation Act ("RA"); however, the statute is briefly referenced in one sentence of Plaintiff's Amended Complaint. *See* Dkt. No. 19-2 at 18; *see also* Dkt. No. 14 at 6 ("Furthermore, as New York receives federal funding this claim is also covered under the Rehabilitation Act of 1973, and therefore sovereign immunity does not apply"). "As the standards for actions under the[] . . . ADA and the Rehabilitation Act are generally equivalent," the claims are often analyzed together.[1] *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 187 (2d Cir. 2015). In light of Plaintiff's *pro se* status, the Court will construe Plaintiff's complaint as raising ADA and RA claims. *See Hardaway*, 879 F.3d at 489.

The Second Circuit has held that discrimination and retaliation claims cannot be brought against individual employees. *See Yerdon v. Poitras*, 120 F.4th 1150, 1155, 1157 (2d Cir. 2024) ("Title I does not permit plaintiffs to bring damages claims against individual employees"); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) ("[I]n the context of employment discrimination, [Title V] of the ADA . . . cannot provide for individual liability"); *see also Arcuri v. Schoch*, No. 6:15-CV-0798, 2015 WL 5652336, *5 (N.D.N.Y. Sept. 24, 2015). Indeed, "'[i]t is well-established that there is no individual liability under the ADA or the [RA], whether the individual is sued in their official or individual capacity.'" *Lawrence v. Shattick*, No. 8:24-CV-656, 2025 WL 542587, *7 (N.D.N.Y. Feb. 19, 2025) (quoting *Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022)) (additional quotation and quotation marks omitted).

---

[1] "The primary difference between the two statutes is that the RA requires the plaintiff to plead that the defendant receives federal funding, and the ADA does not." *M.G. v. New York State Off. of Mental Health*, 572 F. Supp. 3d 1, 15 n.8 (S.D.N.Y. 2021).

5

Defendants argue Plaintiff's ADA and RA claims must be dismissed because they are asserted against individual employees of the Department of Taxation and Finance. *See* Dkt. No. 19-2 at 10. The Court agrees. Accordingly, because ADA and RA claims cannot be brought against individual employees, Plaintiff's Amended Complaint must be dismissed as against the individual Defendants.

### 2. Sovereign Immunity

Plaintiff did not name the Department of Taxation and Finance as a party in this case. *See* Dkt. No. 14 at 2-3. In the case captions of Plaintiff's original and amended complaints, she named the Department of Taxation and Finance. *See* Dkt. No. 1 at 1; *see also* Dkt. No. 14 at 1. Plaintiff also named the Department in the civil cover sheet attached to her original complaint. *See* Dkt. No. 1-3 at 1. However, she does not list the Department as a party in either complaint, nor does she mention the Department in the body of her complaints. Construing the Amended Complaint "to raise the strongest argument it suggests," and in light of Plaintiff's *pro se* status, the Court assumes for the sake of this Memorandum-Decision and Order that Plaintiff intended to name the Department as a Defendant or name the individual Defendants in their official capacity as employees of the Department of Taxation and Finance.[2] *Hardaway*, 879 F.3d at 489. "When a defendant is sued in his official capacity, [courts] treat the suit as one against the entity of which an officer is an agent." *Gonzalez v. Hartnett*, No. 5:21-CV-01379, 2022 WL 16848204, *5 (N.D.N.Y. Nov. 9, 2022) (additional citation and quotation marks omitted); *see also Kentucky v.*

---

[2] Courts in this district have construed a *pro se* complaint as being brought against a defendant in their official capacity where the complaint does not specify. *See Lewis v. Stanton*, No. 9:13-CV-1172, 2014 WL 3106566, *4 (N.D.N.Y. July 7, 2014); *Yang v. Eastman Sch. of Music*, No. 21-CV-1482, 2022 WL 1040418, *2 (2d Cir. Apr. 7, 2022).

*Graham*, 473 U.S. 159, 166 (1985) ("A plaintiff seeking to recover . . . in an official-capacity suit must look to the government entity itself"). Such claims are barred by the Eleventh Amendment.

The Eleventh Amendment provides as follows: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (quoting U.S. CONSTIT. AMEND. XI). "Although by its terms, the Amendment applies only to suits against a State by citizens of another State, [Supreme Court] cases have extended the Amendment's applicability to suits by citizens against their own States." *Id.* (citation omitted). "The reach of this immunity extends to a state's constituent agencies and to state officials working on behalf of the state; *i.e.*, individuals sued in their official capacities." *Publicola v. Lomenzo*, No. 1:21-CV-1303, 2022 WL 1027099, *9 (N.D.N.Y. Apr. 5, 2022); *see also Graham*, 473 U.S. at 167 ("The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity . . . may possess, such as the Eleventh Amendment"). Here, even if Plaintiff named the Defendants in their official capacities, the claims are barred from suit under the Eleventh Amendment. *See Gonzalez*, 2022 WL 16848204, at *5.

### a. Titles I and V of the ADA

"Section 5 of the Fourteenth Amendment grants Congress authority to abrogate state sovereign immunity." *T.W. v. New York State Bd. of L. Examiners*, 110 F.4th 71, 81 (2d Cir. 2024) (citation omitted). "Congress' enactment of Title I of the ADA . . . does not allow private citizens to sue states and their agencies in federal court[.]" *Dollinger v. New York State Ins. Fund*, No. 3:14-CV-908, 2015 WL 8491013, *3 (N.D.N.Y. Dec. 10, 2015) (citing *Garrett*, 531 U.S. at 374). Additionally, "claims brought pursuant to Title V of the ADA which governs retaliation,

are barred by the Eleventh Amendment." *Id.* (citations omitted); *see also Yerdon*, 120 F.4th at 1155 (holding that claims against individuals acting in their official capacities are barred by sovereign immunity).

Defendants argue that because Plaintiff's claims arise under Titles I and V of the ADA, they are barred by the Eleventh Amendment and should be dismissed. *See* Dkt. No. 19-2 at 10. The Court agrees. In Plaintiff's response to the motion, as acknowledged by Defendants in their reply, Plaintiff does not address the Eleventh Amendment issue. *See* Dkt. Nos. 21, 23. Because private citizens cannot sue states or their agents in federal court for alleged Title I or Title V ADA violations, those claims must be dismissed. *See Dollinger*, 2015 WL 8491013, at *3; *Yerdon*, 120 F.4th at 1155.

In her Amended Complaint, Plaintiff refers to Ninth and Tenth Circuit decisions to assert that Defendants waived sovereign immunity. *See* Dkt. No. 14 at 6. The case law provided by Plaintiff is from different circuits; therefore, the cases are not binding on this Court. However, Plaintiff's citations are not completely baseless.

In the first case, the Ninth Circuit held that "the Eleventh Amendment does not bar claims against . . . State[s] brought under Title II of the ADA." *Lovell v. Chandler*, 303 F.3d 1039, 1051 (9th Cir. 2002). That is a consistent holding with the law in the Second Circuit, *see T.W.*, 110 F.4th at 87-88; however, Title II does not apply in this case as that section of the ADA pertains to discrimination in the provision of public services. "[E]mployment discrimination claims [can]not be brought under Title II." *Mary Jo C. v. New York State & Loc. Ret. Sys.*, 707 F.3d 144, 171 (2d Cir. 2013); *see also Yerdon*, 120 F.4th at 1153 (holding that disputes involving allegations of employment discrimination "are clearly governed by Title I of the ADA"). The Second Circuit has explicitly held that "[a] public employee may not bring a Title II claim against his or her

8

employer[.]" *Mary Jo C.*, 707 F.3d at 171, 168-69 ("[T]he structure of the ADA, including differences between Title I and Title II, [indicates] that Congress did not intend to extend Title II to employment discrimination claims, at least not those that are covered by Title I") (citation omitted). Therefore, Plaintiff's reliance on the Ninth Circuit case is inapposite.[3]

Likewise, the Tenth Circuit case cited by Plaintiff concluded that "'a State waives its sovereign immunity by voluntarily invoking the jurisdiction of the federal courts.'" *Estes v. Wyoming Dep't of Transp.*, 302 F.3d 1200, 1206 (10th Cir. 2002) (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 681 n.3 (1999)); *see also In re Charter Oak Assocs.*, 361 F.3d 760, 767 (2d Cir. 2004). In this case, the Department of Taxation and Finance did not voluntarily bring the case from "state court to federal court", and, as such, the case referenced by Plaintiff is not applicable. *See* Dkt. No. 14; *Estes*, 302 F.3d at 1206. Based on the foregoing, the Title I and V claims in Plaintiff's Amended Complaint must be dismissed for lack of subject-matter jurisdiction.

### b. Rehabilitation Act

"'Because the Rehabilitation Act was enacted pursuant to the Spending Clause of Article I, Congress can require states to waive their sovereign immunity [for Rehabilitation Act claims] as a condition of accepting federal funds.'" *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 537 (S.D.N.Y. 2014) (quotation omitted). However, "waiver based on participation in a

---

[3] The Court notes that some district courts have permitted a plaintiff to assert employment discrimination claims under Title II of the ADA. *See Smith v. State Univ. of New York*, No. 1:00-CV-1454, 2003 WL 1937208, *8 (N.D.N.Y. Apr. 23, 2003); *Magee v. Nassau Cnty. Med. Ctr.*, 27 F. Supp. 2d 154, 159 (E.D.N.Y. 1998); *Transp. Workers Union of Am., Loc. 100, AFL-CIO v. New York City Transit Auth.*, 342 F. Supp. 2d 160, 159 (S.D.N.Y. 2004). However, the Court is bound by the Second Circuit's most recent decision in *Yerdon* which holds that allegations of employment discrimination are governed by Title I, and not Title II. *See Yerdon*, 120 F.4th at 1154-55.

9

federal program will be found only if stated in 'express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Skalafuris v. City of N.Y.*, 444 Fed. Appx. 466, 468 (2d Cir. 2011); *see also McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001); *Bleichert v. New York State Educ. Dep't*, 793 Fed. Appx. 32, 33-34 (2d Cir. 2019). "[M]ere participation by a state in a federal program providing financial assistance does not establish the state's consent to be sued in federal court." *McGinty*, 251 F.3d at 95 (citing *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)).

As noted above, in the caption of her Amended Complaint, Plaintiff lists the "NYS Department of Taxation and Finance" as a Defendant. While Plaintiff may have been attempting to name the NYS Department of Taxation and Finance as a Defendant, in this action, she has failed to do so properly. As Defendants note, no summons was issued for the NYS Department of Taxation and Finance, and, therefore, they have not been served with a summons and complaint in this matter.

Had Plaintiff properly included the NYS Department of Taxation and Finance, any claim brought pursuant to the Rehabilitation Act would not be precluded by sovereign immunity. Courts have consistently found that New York has waived its sovereign immunity for claims brought pursuant to the Rehabilitation Act. *See Quadir*, 39 F. Supp. 3d at 537 ("Since the Rehabilitation Act does include such a requirement and New York does accept federal funds, 'New York has waived its sovereign immunity with respect to [Rehabilitation Act] claims'") (quotation omitted); *see also Bennett v. N.Y.S. Thruway Auth.*, No. 6:22-CV-337, 2024 WL 1053222, *8 (N.D.N.Y. Mar. 11, 2024) (citation omitted); *Rosenfield v. N.Y.S. Div. Of Veterans' Affairs*, No. 1:18-CV-1299, 2019 WL 4621962, *9 (N.D.N.Y. Sept. 24, 2019) (citing cases holding that New York has waived its immunity for claims brought under Section 504 of the

Rehabilitation Act). As such, the Court will permit Plaintiff one final opportunity to amend her complaint to bring a claim under the Rehabilitation Act against the NYS Department of Taxation and Finance. Should Plaintiff file this complaint, it must be a complete pleading that supersedes the Amended Complaint in all respects. Plaintiff is also instructed that a copy of this Second Amended Complaint must be served on the NYS Department of Taxation and Finance, along with a summons, in accordance with relevant state and federal laws. Plaintiff shall file any Second Amended Complaint within thirty days of the date of this Memorandum-Decision and Order.

## IV. CONCLUSION

For the reasons stated herein, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 19) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Amended Complaint (Dkt. No. 14) is **DISMISSED in its entirety without prejudice**; and the Court further

**ORDERS** that Plaintiff may file a Second Amended Complaint within **thirty (30) days** of the date of the Memorandum-Decision and Order against the NYS Department of Taxation and Finance; and the Court further

**ORDERS** that, if Plaintiff fails to file a Second Amended Complaint within thirty (30) days of the date of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 5, 2025
　　　　Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge