**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JAMIE L. KOBERGER,**

**Plaintiff,**

    **vs.**

**N.Y.S. DEPARTMENT OF TAXATION AND FINANCE,**

**Defendant.**

**1:24-CV-1496**
**(MAD/PJE)**

---

APPEARANCES:

JAMIE L. KOBERGER
Albany, New York
Plaintiff, *pro se*

OFFICE OF THE NEW YORK
STATE ATTORNEY GENERAL
The Capitol
Albany, New York 12224
Attorney for Defendant

OF COUNSEL:

MATTHEW GALLAGHER, AAG

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Jamie L. Koberger commenced this action *pro se* on December 9, 2024, alleging

disability discrimination and retaliation under the Americans with Disabilities Act of 1990. *See*

Dkt. No. 1.  Plaintiff filed an amended complaint on February 6, 2025.  *See* Dkt. No. 14.  The first

amended complaint named four people who worked with Plaintiff at the New York State

Department of Taxation and Finance ("Defendant" or the "Department") as defendants.  *See id.*

This Court dismissed the first amended complaint on August 5, 2025, due to sovereign immunity.

*See* Dkt. No. 24.  At that time, the Court "permit[ted] Plaintiff one final opportunity to amend her

1

complaint to bring a claim under the Rehabilitation Act [of 1973] against the NYS Department of Taxation and Finance." *Id.* at 11. The Court instructed Plaintiff that the second amended complaint "must be a complete pleading that supersedes the [first] [a]mended [c]omplaint in all respects[,]" and that Plaintiff must serve a summons and a copy of the second amended complaint upon the Department. *Id.* Plaintiff filed a second amended complaint on September 2, 2025, and the Department is now the sole Defendant. *See* Dkt. No. 25.

On December 9, 2025, Defendant filed a motion to dismiss the second amended complaint. *See* Dkt. No. 38. Defendant avers that nineteen pages of substantive allegations were missing from the version of the second amended complaint that was served upon it, which warrants dismissal for insufficient process. *See* Dkt. No. 38-3 at 15. It also argues that Plaintiff fails to state a claim. *See id.* at 16-28. Plaintiff opposed the motion on December 29, 2025, *see* Dkt. No. 40, and Defendant filed a reply on January 6, 2026, *see* Dkt. No. 41. For the following reasons, Defendant's motion is denied, and the Court extends Plaintiff's time to re-serve Defendant with sufficient process.

## II. BACKGROUND

Plaintiff's second amended complaint consists of a four-page form complaint, nineteen pages of narrative, and sixty-four pages of exhibits. *See* Dkt. No. 25. The following factual summary is derived from those materials.

Plaintiff alleges that she has irritable bowel syndrome, generalized anxiety disorder, major depression, and chronic pain. *See id.* at 2. She alleges that healthcare providers have diagnosed her health conditions, which affect her daily life through incontinence, poor sleep, and difficulty eating. *See id.* at 5. She claims that Defendant discriminated against her "in promotions, trainings, and social activities" because of those disabilities and segregated her from others

through "adverse actions." *Id.* at 3. The second amended complaint alleges that Defendant is aware of her health conditions. *See id.* at 7-8 (alleging that Plaintiff told former defendants Kristen Melnick and Richard Cletus about her disabilities in 2023).

Plaintiff alleges that "[t]he first bullying incident occurred in November 2023," when Melnick and Plaintiff disagreed over which candidate to hire for an open position. *Id.* at 8. She contends that Melnick and former defendant Brenda Lukasiewicz berated her and solicited negative remarks about Plaintiff's preferred candidate. *See id.* at 8-9.

Plaintiff requested a meeting with Cletus, which took place on November 22, 2023, where she reported the alleged bullying. *See id.* at 9. According to the second amended complaint, Cletus ignored Plaintiff's concerns and called her a liar. *See id.* During the meeting, Plaintiff also told Cletus she felt "singled out" for numerous reasons, including denial of a mandatory performance evaluation and telecommuting option. *Id.* at 9, 12-13. Plaintiff alleges that she requested a reasonable accommodation because she was denied the opportunity to telecommute. *See id.* at 19. She alleges that other employees were permitted to telecommute. *See id.* at 12. According to Plaintiff, her lack of performance evaluation has deprived her of feedback and was cited as a reason for denying her telecommuting request. *See id.* at 13.

In a follow-up meeting with "management staff[,]" including Cletus and former defendant Richard Lovely, Plaintiff alleges that Defendant used its knowledge of her anxiety to intimidate her. *Id.* at 10. She alleges that, after the meeting, Lukasiewicz and Melnick asked what was wrong with her judgment and if she was stupid. *See id.*

Thereafter, Plaintiff alleges that Cletus forced her to work on a project with Lukasiewicz, despite the availability of different projects. *See id.* at 11. According to Plaintiff, this assignment was "a form of punishment and retaliation for complaining." *Id.* The second amended complaint

3

alleges that Defendant removed staff from Plaintiff's supervision, excluded her "as a manager and employee," reduced her workload, and "classif[ied] [her] in such a way that perpetuated the discrimination of others who are subject to common administrative control." *Id.* Plaintiff asserts that it was discriminatory to make her report to someone who had bullied her, and "others in the same positions as [Plaintiff] manage whole teams with layers of supervision and are gaining useful experience." *Id.* at 11-12. She also states that she "was the only individual on the Project Management Team that was not assigned a Tax Modernization project[,]" which was a purposeful effort "to minimize [her] workload and keep [her] out of meetings and events[.]" *Id.* at 16. Additionally, she alleges she was removed from an email group of employees at the "grade 27" level. *Id.* at 20.

At some point after the November 22, 2023, meeting, Plaintiff reported the alleged harassment again. *See id.* at 13. She alleges that Lovely condescendingly told her she uses "big words[.]" *Id.* She also claims Lovely has isolated her, failed to respond to her emails, and forced her to take direction from lower ranked staff members as a way to humiliate her. *See id.* at 13-14. Likewise, she alleges that Cletus has ostracized her "as a form of retaliation." *Id.* at 15. Plaintiff claims she was blocked from attending meetings and physically separated from other employees, even after she asked to be included. *See id.* at 15, 17-18.

Plaintiff also alleges that Lukasiewicz bullied her by having an employee at the same level as Plaintiff act in a supervisory capacity over her. *See id.* at 16-17. She characterizes this treatment as "another tactic of retaliation." *Id.* at 17. Plaintiff was assigned to a different project in December 2023, which she alleges was "a form of segregation." *Id.* She also alleges attempts to sabotage her on at least one of the projects. *See id.*

4

On February 27, 2024, Plaintiff alleges she was not invited to birthday celebrations for Lukasiewicz and another coworker. *See id.* at 18. Later that afternoon, Lukasiewicz allegedly offered Plaintiff some leftover cookies. *See id.* When Plaintiff politely declined, Lukasiewicz allegedly said, "Of course you do not eat cookies or stuff like that, look at you. Come on[,] take some, you really need to eat something." *Id.* Plaintiff perceived these remarks as derogatory comments about her physical appearance and disability. *See id.* She alleges that Lukasiewicz has made similar comments in the past, and that colleagues have regularly excluded her from events involving food. *See id.*

On May 30, 2024, Plaintiff alleges that Lukasiewicz discriminatorily refused to answer Plaintiff's questions about why her workload was reduced and why she was treated differently from other employees. *See id.* at 21. Plaintiff alleges that she told Lukasewicz she believed her disabilities were the reason. *See id.* In response, Lukasiewicz allegedly screamed at Plaintiff and called her names like "stupid" and "liar." *Id.*

Plaintiff alleges that her mistreatment within the Department is harming her professionally. For example, she asserts that limitations on her job duties and supervisory responsibilities have hampered her ability to build knowledge and skills. *See id.* at 19-20. She states that she has difficulty explaining her lack of workload and management tasks during job interviews. *See id.* at 20. Her reputation and pension have also suffered, according to the second amended complaint. *See id.* Plaintiff alleges that she has sought professional mental health treatment. *See id.* at 21-22.

### III. DISCUSSION

**A.    Legal Standards**

    *1. Insufficient Process*

"A [Federal Rule of Civil Procedure] 12(b)(4) motion properly challenges noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Mhina v. Citizens Bank, N.A.*, No. 5:22-CV-427, 2022 WL 16572045, *2 (N.D.N.Y. Nov. 1, 2022), *aff'd sub nom. Mhina v. Bank of Am., N.A.*, No. 23-CV-96, 2023 WL 6873045 (2d Cir. Oct. 18, 2023) (summary order) (citation and internal quotation marks omitted). A Rule 12(b)(4) motion "'must identify substantive deficiencies in the summons, complaint or accompanying documentation.'" *Id.* (quoting *DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 352-53 (N.D.N.Y. 2014)). This type of motion differs from a motion under Rule 12(b)(5), which "'is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint.'" *Id.* (quoting *Soos v. Niagara Cnty.*, 195 F. Supp. 3d 458, 463 (W.D.N.Y. 2016)).

Importantly, *pro se* litigants are still "expected to comply with the Federal Rules of Civil Procedure[.]" *Gonzales v. United States*, No. 3:13-CV-650, 2014 WL 3738179, *2 (D. Conn. July 29, 2014) (citing *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)). "Failure to follow the Federal Rules may result in dismissal of a *pro se* plaintiff's pleadings or claims." *Id.* (collecting cases).

### 2. *Failure to State a Claim*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the "legal sufficiency" of the pleader's claim for relief. *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). Courts may consider the facts alleged in the pleading, as well as documents attached to the pleading as an exhibit or incorporated by reference into the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)). Courts must accept as true all well-pleaded

facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim[,]" *see* FED. R. CIV. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. Because *pro se* litigants' filings should "'be liberally construed'" and "'held to less stringent standards'" than attorney-drafted submissions, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court must read Plaintiff's filings "to raise the strongest arguments that they suggest[,]" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted).

**B.    Sufficiency of Process**

Before it can address the merits of Plaintiff's second amended complaint, the Court must resolve Defendants' Rule 12(b)(4) motion for dismissal based on insufficient process. *See DiFillippo*, 299 F.R.D. at 352. Defendant argues that the second amended complaint "should be dismissed for insufficient process under [Rule] 12(b)(4) because [Defendant] was not served with a true and accurate copy of the [second amended complaint]." Dkt. No. 38-3 at 15. Specifically, Defendant claims the version of the pleading served upon it was missing the nineteen-page narrative section. *See id.* In opposition, Plaintiff asserts that the nineteen-page narrative "was in

fact included in service" and notes that Defendant repeatedly cites that portion of the second amended complaint in its motion.  Dkt. No. 40 at 3-5.

Courts in this circuit have recognized that Rule 12(b)(4) motions, which are frequently confused with Rule 12(b)(5) motions, are relatively rare.  *See, e.g.*, *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 215 (S.D.N.Y. 2021); *Haidon v. Budlong & Budlong, LLC*, 318 F. Supp. 3d 568, 575 (W.D.N.Y. 2018); *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 332 n.8 (E.D.N.Y. 2021).  Rule 12(b)(4) motions challenge the substance of the process served, while Rule 12(b)(5) motions challenge the act of service.  *See Mhina*, 2022 WL 16572045, at \*2.  Here, Defendant does not contest whether service was effectuated; it contests the substance of what was served. Thus, Rule 12(b)(4) is the appropriate vehicle for Defendant's motion.

This Court has stated that "[o]bjections to sufficiency of process under [Rule] 12(b)(4) must identify substantive deficiencies in the . . . complaint[.]"[1]  *DiFillippo*, 299 F.R.D. at 352-53 (citations omitted).  In other words, to initiate a Rule 12(b)(4) challenge, the party contesting sufficiency of process must demonstrate substantive problems with the material that was served.[2] Chief Judge Sannes previously applied this standard to a Rule 12(b)(4) motion by relying on an affidavit submitted by the defendant to demonstrate that process was insufficient.  *See Mhina*,

---

[1] In *DiFillippo*, the Court discussed Rule 12(b)(5) separately.  On a motion for insufficient *service* of process, the Court was clear that "'the plaintiff bears the burden of establishing that service was sufficient.'"  *DiFillippo*, 299 F.R.D. at 353 (quoting *Khan v. Khan*, 360 Fed. Appx. 202, 203 (2d Cir. 2010) (summary order)).

[2] Defendant's reply asserts that Plaintiff bears the burden of proving adequate service.  *See* Dkt. No. 41 at 3.  The case cited by Defendant states that "[t]he Federal Rules of Civil Procedure place the responsibility for proper *service* of a summons and complaint, as well as the burden of demonstrating proper *service*, on the plaintiff."  *Lachaab v. Zimpher*, No. 1:15-CV-426, 2016 WL 3172869, \*2 (N.D.N.Y. June 6, 2016) (citations omitted and emphasis added).  However, *Lachaab* does not specifically address burdens of proof when the defendant expressly challenges sufficiency of *process* (not service) already delivered to the defendant.

8

2022 WL 16572045, at *3-4.  Accordingly, the threshold question is whether Defendant demonstrated insufficiency of the process served upon it.

Rule 4 provides that "[a] summons must be served with a copy of the complaint."  FED. R. CIV. P. 4(c)(1).  Although "'minor or technical defects'" in the materials served do not automatically mandate dismissal, defects that prejudice the defendant may be grounds for dismissal.  *See Mhina*, 2022 WL 16572045, at *4 (quoting *Soos*, 195 F. Supp. 3d at 463).

Missing pages from a served complaint may rise to this level.  For example, in *Mhina*, Chief Judge Sannes stated that the plaintiff's "failure to serve a true and accurate copy of the amended complaint render[ed] process insufficient."  *Id.* (citation omitted).  The pleading served in *Mhina* did not match the one filed with the court; rather, it appeared to comprise pages from a separate version that was never filed.  *See id.* at *3.  The Second Circuit affirmed Chief Judge Sannes's without-prejudice dismissal of the pleading.  *See Mhina*, 2023 WL 6873045, at *1, *3.  Courts outside this Circuit have found similarly.  *See Colahar v. Lazarte*, No. 23-0024, 2024 WL 1704773, *2-3 (D. Md. Apr. 19, 2024) (finding process insufficient where the *pro se* plaintiff imperfectly served a complaint with three missing pages of substantive allegations); *Patterson v. Whitlock*, 392 Fed. Appx. 185, 188, 190-92 (4th Cir. 2010) (summary order) (recognizing availability of a Rule 12(b)(4) defense where a served complaint was missing pages, but rejecting the defendant's assertion of the defense because it was not raised at the proper time).

In support of its process argument, Defendant filed an affirmation by Kimberly Boucher Furnish, an attorney in Defendant's Office of Counsel.  *See* Dkt. No. 38-1.  It also filed an exhibit that Furnish attests is a true and accurate representation of the documents that were served upon Defendant.  *See id.* at ¶ 3; Dkt. No. 38-2.  According to the affirmation, Defendant's Office of Counsel accepts all personal service of process at one location in Albany, New York.  *See* Dkt.

No. 38-1 at ¶ 2. Support staff, who have been trained to accept service, make an entry in a service log indicating what was served, as well as the date and time of service. *See id.* Furnish attests that, upon review of the documents delivered by Plaintiff's process server, Defendant discovered that the nineteen-page narrative was missing. *See id.* at ¶ 3. She attests that only the four-page form complaint and exhibits were served. *See id.* According to the affirmation, a review of the service log shows there were no other service attempts related to this proceeding. *See id.* at ¶ 4. Defendant's exhibit corroborates Furnish's attestations. *See* Dkt. No. 38-2 (showing the summons, four-page form complaint, sixty-four pages of exhibits, and eight blank pages).

Plaintiff challenges Furnish's affirmation because Furnish was not the person who accepted service. *See* Dkt. No. 40 at 5. The Court rejects this argument because *Mhina* shows that the Court may rely on an affidavit by someone with personal knowledge of the process served, even if that person did not accept service. *See Mhina*, 2022 WL 16572045, at *3 (crediting the affidavit of the defendant bank's litigation manager regarding the contents of process that the plaintiff mailed to the bank).

The record shows that Plaintiff twice moved for an entry of default against Defendant. *See* Dkt. Nos. 28, 30. Both times, the Clerk of the Court denied her request because Plaintiff had not filed proof of service for the latest complaint. *See* Dkt. Nos. 29, 31. Plaintiff filed an affidavit of service on October 24, 2025, which states that the "Summons in a Civil Action [and] Complaint (with Exhibits 1-10)" were served on a person authorized to accept service of process on Defendant's behalf. Dkt. No. 33 at 2. The affidavit of service does not specify the number of pages served or distinguish between the form complaint and the nineteen-page narrative. *See id.* Although a copy of the full second amended complaint was filed with the affidavit, Plaintiff also submitted an invoice from the process service company which shows she was billed for printing

only seventy-seven pages. *See id.* at 1. The full second amended complaint and exhibits, as they appear on the docket, is eighty-seven pages long. *See* Dkt. No. 25. Defendant claims the pleading served upon it, excluding the summons, was seventy-six pages (eight of which were blank).[3] *See* Dkt. No. 38-2. Plaintiff offers no explanation for this discrepancy and instead insists that the entire second amended complaint was properly served on Defendant. *See* Dkt. No. 40 at 4-5.

The Court finds that Defendant, through Furnish's affirmation, has shown that it was served with insufficient process. Although Defendant's attorney likely obtained the full version of the second amended complaint through its filing on the docket, Plaintiff was still required to serve Defendant, as a new party which had not yet been served in this action, with a true and accurate copy of the new operative pleading. *See* Dkt. No. 24 at 11. Defendant has not waived its Rule 12(b)(4) defense or service of process, and summarily allowing a docket filing to substitute for otherwise insufficient process would undermine the Rule 12(b)(4) defense. *See Ohserase Mfg. LLC v. Aiger Grp. AG Switzerland*, No. 8:25-CV-1073, 2026 WL 1216847, *7 (N.D.N.Y. May 5, 2026) (recognizing a similar risk on a Rule 12(b)(5) motion to dismiss for improper service of process).

## C.      Disposition of the Second Amended Complaint

The Court must now decide whether to dismiss the second amended complaint or extend the time for Plaintiff to re-serve Defendant in compliance with Rule 4. *See Mhina*, 2022 WL 16572045, at *6-7; *Soos*, 195 F. Supp. 3d at 464. As Chief Judge Sannes explained in *Mhina*, if a defendant is not served with Rule 4-compliant process within ninety days of the complaint's

---

[3] Subtracting the eight blank pages from the seventy-six-page pleading purportedly served upon Defendant yields the nineteen-page difference.

filing, the Court must either "'dismiss the action without prejudice . . . or order that service be made within a specified time.'" *Mhina*, 2022 WL 16572045, at *6 (quoting FED. R. CIV. P. 4(m)). "'[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.'" *Id.* (quoting FED. R. CIV. P. 4(m)).

Here, Plaintiff has not shown any cause for the failure of process.  She maintains that process was proper.  *See* Dkt. No. 40 at 4-5.  "However, 'a district court [still] may grant an extension in the absence of good cause.'"  *Mhina*, 2022 WL 16572045, at *7 (quoting *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007)).  District courts in this Circuit consider the following factors:

> (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether [the] defendant attempted to conceal the defect in service; and (4) whether [the] defendant would be prejudiced by extending [the] plaintiff's time for service.

*DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) (collecting cases); *see Mhina*, 2022 WL 16572045, at *7 (relying on the *DeLuca* factors); *Soos*, 195 F. Supp. 3d at 464 (same).

Chief Judge Sannes determined that dismissal without prejudice was warranted in *Mhina* because the plaintiff's claims were time-barred and he failed to file proof of service "despite multiple reminders[.]" *Mhina*, 2022 WL 16572045, at *7 (citations omitted).  Here, however, Plaintiff's claims are not yet time-barred.[4]  That factor could therefore support either dismissal or extension of time to re-serve.  Additionally, Plaintiff filed an affidavit of service after two

---

[4] "The statute of limitations on Rehabilitation Act claims is three years[,]" *Kaganovich v. McDonough*, 547 F. Supp. 3d 248, 262 n.4 (E.D.N.Y. 2021) (citation omitted), and Plaintiff specifically alleges that the earliest challenged conduct occurred in November 2023, *see* Dkt. No. 25 at 8.

reminders from the Clerk, *see* Dkt. No. 33, there is no indication that Defendant tried to conceal a service defect, and Defendant has not argued that extending the time for Plaintiff to re-serve the proper complaint would be prejudicial.  Moreover, it is clear from Defendant's motion that it now has actual notice of the full second amended complaint.  *See* Dkt. No. 38-3 at 16-28 (citing the second amended complaint repeatedly).

Based on the circumstances, "the Court believes that there is a reasonable prospect that [Plaintiff] ultimately will be able to serve [D]efendant[] properly[.]"  *Soos*, 195 F. Supp. 3d at 468 (citation and internal quotation marks omitted).  Accordingly, an extension of time for Plaintiff to re-effectuate service of process is appropriate.  *See id.*

In its Memorandum-Decision and Order dated August 5, 2025, the Court was clear that Plaintiff would be allowed one final chance to amend her complaint.  *See* Dkt. No. 24 at 11. Because the process issue must be resolved before the Court can reach the merits of Plaintiff's second amended complaint, *see DiFillippo*, 299 F.R.D. at 352, the Court grants Plaintiff fourteen days from the date of this Memorandum-Decision and Order to re-serve Defendant with a true and accurate copy of that pleading.  The Court does *not* grant Plaintiff leave to amend her complaint again.  If Plaintiff fails to serve a true and accurate copy of the second amended complaint on Defendant within the fourteen-day timeframe, it will be dismissed without prejudice.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 38) is **DENIED**; and the Court further

**ORDERS** that Plaintiff must re-serve Defendant with the full version of the second amended complaint and file proof of service within **FOURTEEN (14) DAYS** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to re-serve Defendant within that timeframe, her second amended complaint will be dismissed without prejudice, judgment will be entered in Defendant's favor, and the case will be closed without further order from the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  August 11, 2026
          Albany, New York

Mae A. D'Agostino
U.S. District Judge